**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SIERRA CLUB,

        Plaintiff,

vs.                                          Case No. 3:05-cv-362-J-32TEM

UNITED STATES ARMY CORPS
OF ENGINEERS,

        Defendant.

---

NATURAL RESOURCES DEFENSE COUNCIL,

        Plaintiff,

vs.                                            Case No. 3:05-cv-459-J-32TEM

UNITED STATES ARMY CORPS
OF ENGINEERS,

        Defendant.

---

**ORDER**[1]

This cause is before the Court on plaintiff Natural Resources Defense Council ("NRDC")'s Motion for Injunction Pending Appeal (Doc. 137). Defendants (collectively, "the Corps") and intervenor St. Joe Company have responded in opposition (Docs. 142, 144) and the Court permitted NRDC to file a reply (Doc. 146).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

On November 19, 2006, the undersigned issued the Court's Final Order in this case (Doc. 134), which found that the Corps did not act beyond its authority under either the Clean Water Act ("CWA") or the National Environmental Policy Act ("NEPA") in issuing regional general permit SAJ-86; the Court vacated an earlier order of preliminary injunction. The Clerk entered judgment in favor of the Corps the following day (Doc. 135). On December 15, 2006, NRDC filed a Notice of Appeal (Doc. 136)[2] and the motion for injunction pending appeal which is presently before the Court (Doc. 137). NRDC seeks entry of an Order enjoining the Corps from issuing any authorizations pursuant to SAJ-86 and enjoining any construction in reliance on the permit, pending the outcome of NRDC's expedited appeal.

Pursuant to the Federal Rules of Appellate Procedure, a party must ordinarily move for relief in the district court to secure an order staying a judgment or order pending appeal or when seeking an order granting an injunction while an appeal is pending. Fed.R.App.P. Rule 8(a)(1)(A), (C). Likewise, Rule 62(c) of the Federal Rules of Civil Procedure permits this Court, in its discretion, to grant an injunction during the pendency of an appeal from a final judgment which dissolves an injunction. This motion is therefore properly before the Court. Similar to the standard for securing a preliminary injunction, to secure a stay or an injunction pending appeal, the moving party must demonstrate (1) a strong showing of the likelihood of success on the merits; (2) that the moving party will be irreparably injured absent the relief; (3) that the issuance of the stay or injunction will not substantially injure the other parties interested in the proceeding; and (4) that the public interest will not be

---

[2]Plaintiff Sierra Club has also taken an appeal (see Doc. 140) but has not sought an injunction pending appeal.

adversely affected by the requested relief. Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (setting forth standard for stay pending appeal); compare Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (setting forth standard for entry of preliminary injunction). "[I]ndividualized judgments" of each factor must be made in each case, and "the formula [for doing so] cannot be reduced to a set of rigid rules." Hilton, 481 U.S. at 777.  Indeed, when moving for a stay pending appeal, a showing on the latter three factors that is "heavily tilted" in favor of a stay may compensate for a showing on the first factor that is "substantial" without necessarily showing that success on the merits is "probable." Ruiz v. Estelle, 650 F.2d 555, 565-66 (5th Cir. 1981).³  In such a case, it can be enough to show that "a serious legal question is presented" even if success is not mathematically probable, but only if the other factors "weigh heavily" in favor of granting the stay. Id. at 565. See also, Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (quoting Ruiz and explaining that while "[o]]rdinarily the first factor is the most important", "a lesser showing of a 'substantial case on the merits' [can be sufficient] when 'the balance of the equities [identified in factors 2, 3 and 4] weighs heavily in favor of granting the stay'") (second alteration in original).

Here, as to the first factor, NRDC points to several areas where it believes the Court erred in its decision and argues that it has demonstrated that its appeal raises a "substantial case on the merits" "rais[ing] serious legal questions." While the Court indeed acknowledged throughout its 115 page Final Opinion that the issues presented by this case were complex,

---

³In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

novel and close, the decisions therein were reached after much deliberation which followed an exhaustive review of the record, the law, and the parties' written and oral arguments. Nothing NRDC has raised in its motion for injunction pending appeal changes the Court's determination that the correct decision has been reached in this case. The Court therefore cannot find that success on the merits is "probable."  See Ruiz, 650 F.2d at 565-66. However, the Court does acknowledge that the legal questions presented by this case are difficult, perhaps even "substantial" within the meaning of Ruiz.[4]

As to the second factor, NRDC argues that it has shown irreparable harm because, as the Court found in issuing its November 2005 Order of preliminary injunction, where environmental harms are sufficiently likely to ensue, the issuance of an injunction is favored to protect the environment because the injuries cannot be later undone by money damages. See Doc. 72 at 22 (citing, inter alia, Amoco Prod. Co. v. Vill. of Gambell, Alaska, 480 U.S. 531, 545 (1987)). However, while this point is still valid, the Court, now with the benefit of a full record and the affidavits of St. Joe in response to this motion, is far less certain of the extent of the environmental damage that might occur during the expedited appeal process NRDC is seeking from the Eleventh Circuit (which takes place, as NRDC points out, at a time

---

[4]As St. Joe notes, in both Ruiz and Garcia-Mir, the two cases relied on by NRDC for the proposition that a relaxed showing on the first factor is permissible when the other factors weigh heavily in the movant's favor, significant liberty and constitutional issues were presented to the Eleventh Circuit on emergency motions to stay. Ruiz, 650 F.2d 558-59; Garcia-Mir, 781 F.2d at 1451-52. However, given Hilton's admonition that there is no formulaic method to determine the appropriate showing needed to secure a stay from either district courts or courts of appeal, the Court finds the Ruiz/Garcia-Mir standard may have application here too. 481 U.S. at 777. Again, of course, a relaxed showing on the first factor will only result in a stay if the remaining factors are heavily balanced in the movant's favor. Ruiz, 650 F.2d at 565-66.

4

when St. Joe's development of the region has been "dramatically slowed" by the economy and other factors (see Doc. 146 at 8)).  Thus, while the Court is willing to find for NRDC on the "irreparable harm" factor, NRDC has failed to demonstrate that the irreparable harm showing is "heavily tilted" in its favor.

As for the third factor, NRDC argues that the harm to St. Joe as a result of a stay would be "trivial" when compared to its investments in the region, its size and wealth, and the environmental stakes in the region.  NRDC claims that St. Joe has failed to provide adequate support for its claims that the costs of any continued delay in the implementation of SAJ-86 are estimated at $3,530,800 and contends that, in fact, St. Joe has scaled back its development plans and will not be injured by an additional stay.  However, it is not St. Joe's burden to prove its harm- - rather, it is NRDC which bears the burden of demonstrating that this factor weighs in its favor.  The Court finds the harm to St. Joe and other users of the SAJ-86 permit (including the Bay County School Board) counsels against issuance of an injunction pending appeal.

Finally, as for the public interest, as noted by the Corps, SAJ-86, a five year permit, will expire in June of 2009 at which time it may or may not be renewed.  After having preliminarily enjoined the issuance of any authorizations for a year, the Court has now found the permit was validly issued and the public (including the Bay County School Board) is entitled to the benefits of that permit. On the other hand, the public has a strong interest in seeing that the Corps does not exceed its authority in implementing the CWA and that jurisdictional wetlands are protected as required by law.  The Court finds that the public interest factor either slightly favors NRDC or is in equipose and thus, does not "strongly"

favor NRDC.

NRDC has therefore failed to make the necessary showing to secure from this Court an injunction pending appeal. NRDC has alternatively requested that the Court issue a temporary injunction of limited duration while NRDC seeks to secure a stay or injunction from the Eleventh Circuit. The Court has strongly considered, but ultimately has rejected this request. Of course, NRDC is free to immediately seek a stay or injunctive relief directly from the Eleventh Circuit. Accordingly, it is hereby

**ORDERED**:

NRDC's Motion for Injunction Pending Appeal (Doc. 137) is **denied**.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of February, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

Carlos Alvarez, Esq., Mediator
847 E. Park Ave.
Tallahassee, FL 32301-2620